IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT ZUTOFT, individually, on behalf of himself and a Class, <br><br> Plaintiff, <br><br> Vs. <br><br> PCA ACQUISITIONS V, LLC d/b/a INVENIO FINANCIAL and BLITT & GAINES, PC, <br><br> Defendant | No. 18 CV 01845 <br><br> Judge Sharon Johnson Coleman |

**DEFENDANT BLITT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant, Blitt & Gaines, P.C., ("Blitt") by and through counsel, Michael L. Starzec, respectfully submits its Answer and Affirmative Defenses to Plaintiff's Complaint.

**VENUE AND JURISDICTION**

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337.

**ANSWER:** Blitt admits that this Court has subject matter jurisdiction due to Plaintiff's allegations, which purport to invoke the court's federal question jurisdiction.

2. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants conduct business in this district, and Defendants attempted to collect a debt from a consumer that resides in this district.

**ANSWER:** Blitt does not contest venue.

**PARTIES**

3. Plaintiff Robert Zutoft ("Plaintiff") is an individual and resident of the State of Illinois, and is a "consumer" as defined at 15 U.S.C § 1692a(3) of the FDCPA.

**ANSWER:** Blitt admits, upon information and belief, that Plaintiff is an individual who resides in the State of Illinois and is a consumer.

4. Defendant PCA Acquisitions V, LLC, d/b/a Invenio Financial, is a purchaser of defaulted consumer debts which is engaged as a "debt collector" as defined by and within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA, and is engaged in the business of collecting debts in this State where it has a principal purpose of collecting defaulted consumer debts owed or due or asserted to be owed or due another, and also regularly collects defaulted consumer debts on behalf of others via the use of the courts, mail, and telephone.

**ANSWER:** Blitt asserts that this Paragraph contains no allegations with respect to Blitt. Therefore, no response from Blitt is required.

5. PCA Acquisitions V, LLC maintains and/or owns a website, www.inveniofinancial.com, that contains, and communicates, the following information:

*What exactly is Invenio Financial? What do you do?*

Invenio Financial is a specialty debt purchaser that works within key core markets. We identify and purchase debt in our strategic markets leveraging our proprietary tools and processes. This enables us to pay higher premiums for these portfolio segments, adding incremental value for our partners. Invenio Financial, a Master Servicer, strategically manages owned portfolios for our partners.

…

Portfolio owners may partner with Invenio Financial to leverage our expertise, have access to our select network of industry-leading agencies, and utilize our comprehensive servicing processes to maximize the value of portfolios. Invenio Financial expertly handles every aspect of end-to-end portfolio management for our partners including agency selection, reporting, strategic development, and tactical implementation.

**"We manage all aspects of portfolio recovery, allowing you to focus on your core business."**

Our innovative technology ensures an ease of doing business while managing transaction information, auditing performance, and producing detailed reports. We continue to develop new techniques and improve our strategic tools to further our commitment as a

Master Servicer.

…

**ANSWER:** Blitt asserts that this Paragraph contains no allegations with respect to Blitt. Therefore, no response from Blitt is required.

6. Defendant Blitt & Gaines, PC ("Blitt") is a law firm that acts as a "debt collector" as defined by and within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA, as it regularly collects defaulted consumer debts on behalf of others via the use of the courts, mail, and telephone.

**ANSWER:** Blitt admits that it is a law firm and that it often acts as a debt collector.

7. Invenio Financial is an assumed name of PCA V, LLC, as listed on the website of the **Illinois Secretary of State, www.ilsos.gov/corporatellc/CorporateLlcController .**

**ANSWER:** Blitt asserts that this Paragraph contains no allegations with respect to Blitt. Therefore, no response from Blitt is required.

8. PCA Acquisitions V, LLC has filed over 50 cases in Illinois to collect defaulted consumer debts that it has purchased from either original creditors or other buyers of defaulted debt, and does not collect commercial or business debt.

**ANSWER:** Blitt asserts that this Paragraph contains no allegations with respect to Blitt. Therefore, no response from Blitt is required.

## FACTS

9. Plaintiff was alleged by PCA Acquisitions V, LLC to have personally incurred a debt ("alleged debt"), in connection with a charge account or line of credit, to "Synchrony Bank/PayPal Smart Connect, or its predecessor in interest".

**ANSWER:** Blitt admits the allegations contained in paragraph 9.

10. The account was not a business account, and was alleged to be issued personally to Plaintiff. The obligation was incurred as a result of Plaintiff's purchase of goods and services for personal, family and household purposes, and is a "debt" as that term is understood, defined and used in the FDCPA, 15 U.S.C § 1692a(5).

**ANSWER:** Blitt lacks sufficient information to admit or deny the allegations contained in paragraph 10.

11. PCA Acquisitions V, LLC asserts that it purchased the alleged debt after charge-off.

**ANSWER:** Blitt asserts that this Paragraph contains no allegations with respect to Blitt. Therefore, no response from Blitt is required.

12. Sometime after charge-off, PCA Acquisitions V, LLC hired Blitt to collect the alleged debt from Plaintiff, and Blitt was authorized to act on behalf of PCA Acquisitions V, LLC in connection with the collection of the alleged debt.

**ANSWER:** Blitt admits the allegations contained in paragraph 12.

13. On August 30, 2017, Defendants filed a lawsuit in the Circuit Court of Cook County Illinois, titled PCA Acquisitions V, LLC v. Robert Zutoft, Case No. 2017-M5-006088 ("State Action"). (Exhibit A, Complaint).

**ANSWER:** Blitt admits the allegations contained in paragraph 13.

14. Defendants sought to collect from Plaintiff the amount of $1,296.60 in the State Action.

**ANSWER:** Blitt admits the allegations contained in paragraph 14.

15. The complaint filed in the State Action lists "PCA Acquisitions V, LLC" as the plaintiff as well as the entity to which the alleged debt is owed.

**ANSWER:** Blitt admits the allegations contained in paragraph 15.

16. Although the complaint lists "PCA Acquisitions V, LLC" as the plaintiff, the Summons lists a different entity, "PCA Acquisitions", as the plaintiff in the State Action. (Exhibit B, Summons).

**ANSWER:** Blitt states that the documents speak for themselves so that no response is required to the allegations contained in paragraph 16.

17. PCA Acquisitions is not an assumed name of PCA Acquisitions V, LLC.

**ANSWER:** Blitt lacks sufficient information to admit or deny the allegations contained in paragraph 17.

18. PCA Acquisitions is an entity separate and aside from Defendant PCA Acquisitions V, LLC.

**ANSWER:** Blitt denies the allegations contained in paragraph 18.

19. Blitt lists "PCA Acquisitions" as the plaintiff on the summons in the State Action despite the fact that, under the bulk filing process in the Circuit Court of Cook County (according to a written statement by Dawn Marcus, Project Manager of the Technology and Innovation Bureau for the Clerk of the Circuit Court of Cook County, Illinois), a law firm representing a plaintiff is able to list, on a summons, a plaintiff's name in full as long as it is less than 100 characters in length.

**ANSWER:** Blitt denies the allegations contained in paragraph 19 in its entirety including Plaintiff's interpretation of the written statement by Dawn Marcus. Blitt affirmatively states at the time Blitt filed the State Action, the e-filing process in the Circuit Court of Cook County automatically generated a summons for each case and that system truncated a plaintiff's name to 18 characters.

20. The plaintiff in the State Action, "PCA Acquisitions V, LLC", has a name less than 100 characters in length.

**ANSWER:** Blitt admits the allegations contained in paragraph 20.

21. Despite this fact, Blitt decided to list the company called "PCA Acquisitions", instead of the proper Plaintiff, as the plaintiff on the summons in the State Action.

**ANSWER:** Blitt denies the allegations contained in paragraph 21.

22. Plaintiff owes money to neither PCA Acquisitions V, LLC nor PCA Acquisitions.

**ANSWER:** Blitt denies the allegations contained in paragraph 22.

23. Assuming arguendo that Plaintiff did owe the money sought by Defendants, he could not owe the same alleged debt to both "PCA Acquisitions" and Defendant "PCA Acquisitions V, LLC".

**ANSWER:** Blitt denies that "PCA Acquisitions" and "PCA Acquisitions V, LLC" are separate entities. Blitt denies the remaining allegations contained in paragraph 23.

24. Defendants' communication to Plaintiff stating that PCA Acquisitions is the plaintiff, and thus the entity to which Plaintiff owes a debt, is false.

**ANSWER:** Blitt denies the allegations contained in paragraph 24.

25. An unsophisticated consumer sued by Defendants would be confused when confronted with a summons that states "PCA Acquisitions" as the plaintiff in the summons, while the complaint states that "PCA Acquisitions V, LLC"—a different entity altogether—is the plaintiff.

**ANSWER:** Blitt denies the allegations contained in paragraph 25.

26. An unsophisticated consumer would thus be confused as to the identity of the creditor to which a debt was owed when confronted with a summons that states the name of

plaintiff/creditor "PCA Acquisitions" while the complaint states the name of plaintiff/creditor "PCA Acquisitions V, LLC".

**ANSWER:** Blitt denies the allegations contained in paragraph 26.

27. An unsophisticated consumer could, as a result of Defendants' misrepresentations as to the identity of the creditor, potentially pay the wrong entity and thus still owe money to the creditor to which the debt is owed, suffering financial damages thereby.

**ANSWER:** Blitt denies the allegations contained in paragraph 27.

28. Plaintiff became aware of the State Action lawsuit after he received mailings from other attorneys informing him that the State Action lawsuit had been filed against him.

**ANSWER:** Blitt lacks sufficient information to admit or deny the allegations contained in paragraph 28.

29. Plaintiff thereafter accessed, copied, and reviewed the contents of the case file relating to the State Action.

**ANSWER:** Blitt lacks sufficient information to admit or deny the allegations contained in paragraph 29.

30. Thereafter, on January 11, 2018, Plaintiff placed a telephone call to Blitt for the purpose of discussing the State Action complaint, and a conversation ensued regarding the same.

**ANSWER:** Blitt admits the allegations contained in paragraph 30.

31. During the course of the conversation with a Blitt employee who introduced herself as "Nicole Dodson", said employee informed Plaintiff that Plaintiff was in fact sued by Blitt, and already owed court costs of $338.07.

**ANSWER:** Blitt admits that a Blitt employee introduced herself as "Nicole Dodson" and spoke with the Plaintiff regarding State Action and the amount due. Blitt denies that paragraph 31 accurately paraphrases said conversation.

32. During the course of the conversation with "Nicole Dodson", Ms. Dodson told Plaintiff that the total balance due was $1634.67.

**ANSWER:** Blitt admits the allegations contained in paragraph 32.

33. In truth and in fact, court costs were not awarded at the time of the telephone call, and thus neither $1634.67 nor $338.07 were due at the time that Blitt told Plaintiff that said amounts were due.

**ANSWER:** Blitt admits that court costs were not awarded at the time of the telephone call. Blitt denies the remaining allegations contained in paragraph 33.

34. In Illinois, where statutes make court costs "recoverable," parties must still request, and have granted, a court order imposing such costs if they want to actually collect. See Vill. of Franklin Park v. Aragon Mgmt., Inc., 298 Ill. App. 3d 774, 699 N.E.2d 1053, 1054, 232 Ill. Dec. 868 (1st Dist. 1998); Shula v. Paul D. Lawent, J.V.D.B. & Assocs., Inc., No. 01 C 4883, 2002 U.S. Dist. LEXIS 24542, at *31 (N.D. Ill. Dec. 20, 2002).

**ANSWER:** Blitt asserts that the allegations in paragraph 34 of Plaintiff's Complaint merely constitute a purported paraphrasing of certain aspects of the Illinois Code of Civil Procedure. It therefore consists of a legal conclusion and make no affirmative allegations against Blitt. As a result, no response from Blitt is required.

35. Defendants' statement to Plaintiff that court costs are already due and owing, before such costs were awarded by a court, violates the FDCPA.

**ANSWER:** Blitt does not contest liability on Count II.

36. PCA Acquisitions V, LLC is liable for the actions of Blitt, committed in connection with the collection of the alleged debt from Plaintiff. Janetos v. Fulton Friedman & Gullace, LLP, No. 15-1859, 2016 U.S. App. LEXIS 6361, at *20 (7th Cir. Apr. 7, 2016) ("Asset Acceptance is itself a debt collector, so under the logic of Pollice and Fox, it may be held liable for Fulton's violations of the Act in the course of activities undertaken on its behalf.").

**ANSWER:** Blitt asserts that this Paragraph contains no allegations with respect to Blitt. Therefore, no response from Blitt is required.

37. Defendants' collection communications and activities are to be interpreted under the "unsophisticated consumer" standard. (See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994)).

**ANSWER:** Blitt asserts that the allegations in paragraph 37 of Plaintiff's Complaint merely constitute a purported paraphrase of certain aspects of the FDCPA. It therefore consists of a legal conclusion and make no affirmative allegations against Blitt. As a result, no response from Blitt is required.

### COUNT I—FDCPA—CLASS COUNT—BLITT AND PCA ACQUISITIONS V, LLC

38. Plaintiff incorporates by reference the foregoing paragraphs.

**ANSWER:** Blitt adopts and re-alleges its responses to Paragraphs 1 through 37, above.

39. Defendants' complaint and summons contain conflicting information as to the identity of the plaintiff, and thus the entity to which the alleged debt is owed.

**ANSWER:** Blitt denies the allegations contained in paragraph 39.

40. Section 1692e provides as follows:

**§ 1692e. False or misleading representations**

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> \*\*\*
>
> **(2) The false representation of—**
> **(A) the character, amount, or legal status of any debt;**
>
> \*\*\*
>
> \*\*\*
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

**ANSWER:** Blitt asserts that the allegations in paragraph 37 of Plaintiff's Complaint merely constitute a purported paraphrase of certain aspects of the FDCPA. It therefore consists of a legal conclusion and make no affirmative allegations against Blitt. As a result, no response from Blitt is required.

41. Defendants violated section 1692e, e(2)(A), and e(10) of the FDCPA by serving Plaintiff with a lawsuit that lists one entity as the plaintiff in the complaint, while the summons for the same case lists another entity, as both entities cannot be the plaintiff, and thus both entities cannot be the creditor to which the debt is owed.

**ANSWER:** Blitt denies the allegations contained in paragraph 41.

42. Plaintiffs bring this lawsuit individually and also on behalf of themselves and all other persons similarly situated under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

**ANSWER:** Blitt admits the allegations contained in paragraph 42.

43. This action is brought and may properly be maintained as a class action pursuant Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, predominance, typicality, adequacy, and/or superiority requirements of those provisions. Plaintiffs do not know

the exact size of the class, as such information is in Defendants' possession, but Defendants regularly file lawsuits such as the one at issue in this case, where the summons and complaint list two separate, different entities as the plaintiff and creditor to which the alleged debt is owed, when only one entity could properly be named as such. Numerosity may thus be presumed.

**ANSWER:** Blitt denies the allegations contained in paragraph 43.

44. Common questions of law and fact exist as to all members of the class and predominate over any questions affecting individual members of the class, including Plaintiff, including but not limited to whether Defendants' practices violated the FDCPA.

**ANSWER:** Blitt denies the allegations contained in paragraph 44.

45. This class action complaint is brought on behalf of all persons who, according to Defendants' records, meet the following criteria, subject to amendment as appropriate:

> **Each person, that within twelve months prior to the date of filing of this action, resided in Illinois and was sued by "PCA Acquisitions V, LLC" in an Illinois state court, wherein the summons in the lawsuit lists "PCA Acquisitions" as the plaintiff, but the complaint in the corresponding lawsuit lists "PCA Acquisitions V, LLC" as the plaintiff in the same case.**

**ANSWER:** Blitt admits the Plaintiff filed a class action lawsuit against the Defendants on behalf of persons who purportedly meet the above outlined criteria. Blitt denies the remaining allegations contained in paragraph 45.

46. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**ANSWER:** Blitt denies the allegations contained in paragraph 46.

47. Upon information and belief, the Class consists of more than 40 persons from whom Defendants attempted to collect delinquent consumer debts, in the manner asserted herein.

**ANSWER:** Blitt denies the allegations contained in paragraph 47.

48. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

**ANSWER:** Blitt denies the allegations contained in paragraph 48.

49. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.

**ANSWER:** Blitt denies the allegations contained in paragraph 49.

50. A class action is superior for the fair and efficient prosecution of this litigation. Class-wide liability is essential to cause Defendants to stop the improper conduct. Many class members may be unaware that they have been victims of illegal conduct. Congress contemplated class actions as a means of enforcing the FDCPA.

**ANSWER:** Blitt denies the allegations contained in paragraph 50.

51. Plaintiff has retained counsel that is experienced in class action litigation brought under the FDCPA.

**ANSWER:** Blitt lacks sufficient information to admit or deny the allegations contained in paragraph 51.

### COUNT II—FDCPA—INDIVIDUAL CLAIM—BLITT AND PCA ACQUISITIONS V, LLC

52. Plaintiff incorporates by reference the foregoing paragraphs.

**ANSWER:** Blitt adopts and re-alleges its responses to Paragraphs 1 through 51, above.

53. Section 1692e of the FDCPA provides as follows:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
\*\*\*
**(2) The false representation of—**
**(A) the character, amount, or legal status of any debt;**
\*\*\*
**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer**.

**ANSWER:** Blitt asserts that the allegations in paragraph 37 of Plaintiff's Complaint merely constitute a purported paraphrase of certain aspects of the FDCPA. It therefore consists of a legal conclusion and make no affirmative allegations against Blitt. As a result, no response from Blitt is required.

54. Defendants violated § 1692e, e(2), and e(10) of the FDCPA when they falsely represented and communicated that Plaintiff owed a debt to PCA Acquisitions V, LLC and/or PCA Acquisitions, as Plaintiff owes money to neither of these entities.

**ANSWER:** Blitt denies the allegations contained in paragraph 50.

55. Defendants violated violated § 1692e and e(2) of the FDCPA when they misrepresented the total balance due as well as that that court costs were already due from Plaintiff, and owed by Plaintiff, before such costs were awarded by a court.

**ANSWER:** Blitt does not contest liability on Count II.

56. Section 1692f of the FDCPA provides as follows:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

***

**ANSWER:** Blitt asserts that the allegations in paragraph 37 of Plaintiff's Complaint merely constitute a purported paraphrase of certain aspects of the FDCPA. It therefore consists of a legal conclusion and make no affirmative allegations against Blitt. As a result, no response from Blitt is required.

57. Defendants violated 1692f and f(1) by attempting to collect amounts from Plaintiff that were not authorized by the agreement creating the debt or permitted by law, namely "court costs".

**ANSWER:** Blitt does not contest liability on Count II.

58. No agreement exists that authorizes the imposition of court costs from Plaintiff, in connection with the alleged debt.

**ANSWER:** Blitt does not contest liability on Count II.

59. Plaintiff suffered statutory and actual damages as the result of Defendants' actions.

**ANSWER:** Blitt does not contest liability on Count II, however, Blitt denies that Plaintiff suffered any actual damages as a result of its actions.

### DEFENDANT BLITT AND GAINES, P.C.'S AFFIRMATIVE DEFENSES

Defendant, Blitt & Gaines, P.C., by counsel, pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, and subject to further investigation and discovery, hereby asserts the following affirmative defenses in this matter:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any violation of the FDCPA, which Blitt denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff did not suffer a concrete injury and therefore, Plaintiff lacks Article III standing to pursue this action.

### FOURTH AFFIRMATIVE DEFENSE

This matter is subject to a private arbitration provision contained in the governing cardmember agreement.

WHEREFORE, Defendant, Blitt and Gaines, P.C., by counsel, respectfully requests that this Answer be deemed good and sufficient, that Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's costs, that pursuant to federal law, Plaintiff be ordered to pay reasonable attorney's

fees and costs for Blitt and Gaines, P.C., and for all other general and equitable relief this

Honorable Court deems just and proper under the circumstances.

                                              Respectfully submitted,

                                              By: s/<u>Michael L. Starzec</u>
                                                   Michael L. Starzec

Blitt and Gaines, P.C.
661 Glenn Avenue
Wheeling, IL 60090
(847) 403-4900
(312) 920-0625
MikeStarzec@BlittandGaines.com

## CERTIFICATE OF SERVICE

     I, the undersigned, certify that I filed this Notice through the Court's CM/ECF system, which will cause electronic notification of this filing to be sent to all parties of record on April 27, 2018.

The Law Office of M. Kris Kasalo, Ltd.
20 North Clark Street, Suite 3100
Chicago, IL 60602
tele 312-726-6160
fax 312-698-5054
mario.kasalo@kasalolaw.com

                                              Respectfully submitted,

                 By: /s/<u>Michael L. Starzec</u>
                 Michael L. Starzec

Blitt and Gaines, P.C.
661 Glenn Avenue
Wheeling, IL 60090
(847)403-4900
(312)920-0625
MikeStarzec@BlittandGaines.com