# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ROBERT ZUTOFT, individually on behalf of
himself and a class,

        Plaintiff,

v.

PCA ACQUISITIONS V, LLC,      d/b/a
INVENIO FINANCIAL, and BLITT &
GAINES, PC,

        Defendants.

Case No.: 1:18-cv-01845

## PCA ACQUISITIONS V, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant PCA Acquisitions V, LLC ("PCAA"), by counsel submits the following Answer
and Affirmative Defenses to the Class and Individual Complaint ("Complaint") filed by Robert
Zutoft ("Plaintiff").

In response to the allegations in the first, unnumbered paragraph, PCAA admits that
Plaintiff purports to bring the Complaint on behalf of a class of all others similarly situated,
pursuant to Rule 23 of the Federal Rules of Civil Procedure, but denies that this matter may be
properly maintained against PCAA as a class action. Except as expressly admitted, PCAA denies
any remaining allegations in the first, unnumbered paragraph.

## VENUE AND JURISDICTION

1.      Jurisdiction of this Court arises under 15. U.S.C. § 1693k(d), and 28 U.S.C. §§ 1331
and 1337.

**The allegations in paragraph 1 of the Complaint state conclusions of law, to which no
response is necessary. To the extent the allegations are contrary to law, they are denied.**

34950629

2.     Venue in this District is proper under 28 U.S.C. § 1391 because Defendants conducted business in this district, and Defendants attempted to collect a debt from a consumer that resides in this district.

**The allegations in paragraph 2 of the Complaint state conclusions of law, to which no response is necessary.  To the extent the allegations are contrary to law, they are denied.**

## PARTIES

3.     Plaintiff Robert Zutoft ("Plaintiff") is an individual and resident of the State of Illinois, and is a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

**PCAA lacks information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and, therefore, denies the same.**

4.     Defendant PCA Acquisitions V, LLC d/b/a Ivenio Financial, is a purchaser of defaulted consumer debts which is engaged as a "debt collector" as defined by and within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA, and is engaged in the business of collecting debts in this State where it has a principal purpose of collecting defaulted consumer debts owed or due or asserted to be owed or due another, and also regularly collects defaulted consumer debts on behalf of others via the use of the courts mail, and telephone.

**The allegations in paragraph 4 of the Complaint state conclusions of law, to which no response is necessary.  To the extent the allegations are contrary to law, they are denied.**

5.     PCA     Acquisitions     V,     LLC     maintains     and/or     owns     a     website, www.inveniofinancial.com that contains and communicates the following information:

***What exactly is Invenio Financial? What do you do?***

Invenio Financial is a specialty debt purchaser that works within key core markets. We identify and purchase debt in our strategic markets leveraging our proprietary tools and processes,  This enables us to pay higher premiums for these portfolio

2

segments, adding incremental value for our partners. Invenio Financial, a Master Servicers, strategically manages owned portfolios for our partners.

…

Portfolio owners may partner with Invenio Financial to leverage our expertise, have access to our select network of industry-leading agencies, and utilize our comprehensive servicing processes to maximize the value of portfolios. Invenio Financial expertly handles every aspect of end-to-end portfolio management for our partners including agency selection, reporting, strategy development, and tactical implementation.

**"We manage all aspects of portfolio recovery, allowing you to focus on your core business."**

Our innovative technology ensures an ease of doing business while managing transaction information, auditing performances, and producing detailed reports. We continue to develop new techniques and improve our strategic tools to further our commitment as a Master Servicer.

…

**The allegations in paragraph 5 of the Complaint refer to a website, which speaks for itself. To the extent the allegations vary from the text of the website, the allegations are denied.**

6.     Defendant Blitt & Gaines, PC ("Blitt") is a law firm that acts as a "debt collector" as defined by and within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA, as it regularly collects defaulted consumer debts on behalf of others via the use of the courts, mail, and telephone.

**The allegations in paragraph 6 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.**

7.     Invenio Financial is an assumed name of PCA V, LLC, as listed on the website of the Illinois Secretary of State, www.ilsos.gov/corporatellc/CorporateLlcController.

**The allegations in paragraph 7 of the Complaint refer to a website, which speaks for itself. To the extent the allegations vary from the text of the website, the allegations are denied.**

3

8.     PCA Acquisitions V, LLC has filed over 50 cases in Illinois to collect defaulted consumer debts that it purchased from either original creditors or other buyers of defaulted debt, and does not collect commercial or business debt.

**The allegations in paragraph 8 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.**

## [ALLEGED] FACTS

9.     Plaintiff was alleged by PCA Acquisitions V, LLC to have personally incurred a debt ("alleged debt"), in connection with a charge account or line of credit, to "Synchrony Bank/PayPal Smart Connect, or its predecessor in interest."

**Upon information and belief, PCAA admits the allegation in paragraph 9 of the Complaint.**

10.     The account was not a business account, and was alleged to be issued personally to Plaintiff. The obligations was incurred as a result of Plaintiff's purchase of goods and services for personal, family and household purposes, and is a "debt" as that term is understood, defined and used in the FDCPA, 15 U.S.C. 1692a(5).

**The allegations in paragraph 10 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.**

11.     PCA Acquisitions V, LLC asserts that it purchased the alleged debt after charge-off.

**PCAA admits the allegations in paragraph 11 of the Complaint.**

12.     Sometime after charge-off, PCA Acquisitions V, LLC hired Blitt to collect the alleged debt from Plaintiff, and Blitt was authorized to act on behalf of PCA Acquisitions V, LLC in connection with the collection of the alleged debt.

34950629

**The allegations in paragraph 12 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.**

13. On August 30, 2017, Defendants filed a lawsuit in the Circuit Court of Cook County Illinois, titled *PCA Acquisitions V, LLC v. Robert Zutoft,* Case No. 2017-M5-006088 ("State Action").

**The allegations in paragraph 13 of the Complaint refer to a public record, which speaks for itself. To the extent the allegations vary from the text of the public record, the allegations are denied.**

14. Defendants sought to collect from Plaintiff the amount of $1,296.60 in the State Action.

**The allegations in paragraph 14 of the Complaint refer to a public record, which speaks for itself. To the extent the allegations vary from the text of the public record, the allegations are denied.**

15. The complaint filed in the State Action lists "PCA Acquisitions V, LLC" as the plaintiff as well as the entity to which the alleged debt is owed.

**The allegations in paragraph 15 of the Complaint refer to a public record, which speaks for itself. To the extent the allegations vary from the text of the public record, the allegations are denied.**

16. Although the complaint lists "PCA Acquisitions V, LLC" as the plaintiff, the Summons lists a different entity, "PCA Acquisitions", as the plaintiff in the State Action.

**PCAA denies the allegations in paragraph 16 of the Complaint.**

17. PCA Acquisitions is not an assumed name of PCA Acquisitions V, LLC.

**The allegations in paragraph 17 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.**

34950629

18.     PCA Acquisitions is an entity separate and aside from Defendant PCA Acquisitions V, LLC.

**PCAA denies the allegations in paragraph 18 of the Complaint.**

19.     Blitt lists "PCA Acquisitions" as the plaintiff on the summons in the State Action despite the fact that, under the bulk filing process in the Circuit Court of Cook County (according to a written statement by Dawn Marcus, Project Manager of the Technology and Innovation Bureau for the Clerk of the Circuit Court of Cook County, Illinois), a law firm representing a plaintiff is able to list, on a summons, a plaintiff's name in full as long as it is less than 100 characters in length.

**PCAA lacks information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and, therefore, denies the same.**

20.     The plaintiff in the State Action, "PCA Acquisitions V, LLC", has a name less than 100 characters in length.

**PCAA admits the allegations in paragraph 20 of the Complaint.**

21.     Despite this fact, Blitt decided to list the company called "PCA Acquisitions", instead of the proper Plaintiff, as the plaintiff on the summons in the State Action.

**PCAA lacks information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and, therefore, denies the same.**

22.     Plaintiff owes money to neither PCA Acquisitions V, LLC nor PCA Acquisitions.

**Upon information and belief, PCAA denies the allegations in paragraph 22 of the Complaint.**

34950629

23. Assuming *arguendo* that Plaintiff did owe the money sought by Defendants, he could not owe the same alleged debt to both "PCA Acquisitions" and Defendant "PCA Acquisitions V, LLC."

**PCAA lacks information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and, therefore, denies the same.**

24. Defendants' communication to Plaintiff stating that PCA Acquisitions is the plaintiff, and thus the entity to which Plaintiff owes a debt, is false.

**PCAA denies the allegations in paragraph 24 of the Complaint.**

25. An unsophisticated consumer sued by Defendants would be confused when confronted with a summons that states "PCA Acquisitions" as the plaintiff in the summons, while the complaint states that "PCA Acquisitions V, LLC" – a different entity altogether – is the plaintiff.

**PCAA denies the allegations in paragraph 25 of the Complaint**.

26. An unsophisticated consumer would thus be confused as to the identity of the creditor to which a debt was owed when confronted with a summons that states the name of plaintiff/creditor "PCA Acquisitions" while the complaint states the name of plaintiff/creditor "PCA Acquisitions V, LLC."

**PCAA denies the allegations in paragraph 26 of the Complaint.**

27. An unsophisticated consumer could, as a result of Defendants' misrepresentations as to the identity of the creditor, potentially pay the wrong entity and thus still owe money to the creditor to which the debt is owed, suffering financial damages thereby [sic]

**PCA denies the allegations in paragraph 27 of the Complaint.**

28. Plaintiff became aware of the State Action lawsuit after he received mailings from other attorneys informing him that the State Action lawsuit had been filed against him.

**PCAA lacks information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and, therefore, denies the same.**

29.     Plaintiff thereafter accessed, copied, and reviewed the contents of the case file relating to the State Action.

**PCAA lacks information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and, therefore, denies the same.**

30.     Thereafter, on January 11, 2018, Plaintiff placed a telephone call to Blitt for the purpose of discussing the State Action complaint, and a conversation ensued regarding the same.

**PCAA lacks information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and, therefore, denies the same.**

31.     During the course of the conversation with a Blitt employee who introduced herself as "Nicole Dodson", said employee informed Plaintiff that Plaintiff was in fact sued by Blitt, and already owed court costs of $338.07.

**PCAA lacks information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and, therefore, denies the same.**

32.     During the course of the conversation with "Nicole Dodson", Ms. Dodson told Plaintiff that the total balance due was $1634.67.

**PCAA lacks information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and, therefore, denies the same.**

33.     In truth and in fact, court costs were not awarded at the time of the telephone call, and thus neither $1634.67 nor $338.07 were due at the time that Blitt told Plaintiff that said amounts were due.

34950629

**PCAA lacks information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and, therefore, denies the same.**

34.     In Illinois, where statutes make court costs "recoverable," parties must still request, and have granted, a court order imposing such costs if they want to actually collect.  *See Vill. of Franklin Park v. Aragon Mgmt., Inc.,* 298 Ill. App. 3d 774, 699 N.E.2d 1053, 1054, 232 Ill. Dec. 868 (1st Dist. 1998); *Shula v. Paul D. Lawent, J.V.D.B. & Asocs., Inc.,* No. 01 C 4883, 2002 U.S. Dist. LEXIS 24542, at *31 (N.D. Ill. Dec. 20, 2002).

**The allegations in paragraph 34 of the Complaint state conclusions of law, to which no response is necessary.  To the extent the allegations are contrary to law, they are denied.**

35.     Defendants' statement to Plaintiff that court costs are already due and owing, before such costs were awarded by a court, violates the FDCPA.

**The allegations in paragraph 35 of the Complaint state conclusions of law, to which no response is necessary.  To the extent the allegations are contrary to law, they are denied**.

36.     PCA Acquisitions V, LLC is liable for the actions of Blitt, committed in connection with the collection of the alleged debt from Plaintiff.  *Janetos v. Fulton Friedman & Gullace, LLP,* No. 15-1859, 2016 U.S. App. LEXIS 6361, at *20 (7th Cir. Apr. 7, 2016) ("Asset Acceptance is itself a debt collector, so under the logic of *Police* and *Fox,* it may be held liable for Fulton's violations of the Act in the course of activities undertaken on its behalf.").

**PCAA denies the allegations in paragraph 36 of the Complaint.**

37.     Defendants' collection communications and activities are to be interpreted under the "unsophisticated consumer" standard. (See, *Gammon v. GC Services, Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994)).

34950629

**The allegations in paragraph 37 of the Complaint state conclusions of law, to which no response is necessary.  To the extent the allegations are contrary to law, they are denied.**

### COUNT I—FDCPA—[PUTATIVE] CLASS COUNT—BLITT AND PCA ACQUISITIONS V, LLC

38.     Plaintiff incorporates by reference the foregoing paragraphs.

**In response to the allegations in paragraph 38 of the Complaint, PCAA incorporates and reasserts the responses contained in the foregoing paragraphs as if fully set forth herein.**

39.     Defendants' complaint and summons contain conflicting information as to the identity of the plaintiff, and thus the entity to which the alleged debt is owed.

**PCAA denies the allegations in paragraph 39 of the Complaint.**

40.     Section 1692e provides as follows:

§ 1692e.  False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

…

(2) the false representation of –

(A) the character, amount, or legal status of any debt;

…

(1) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning ac onsumer.

**The allegations in paragraph 40 of the Complaint state conclusions of law, to which no response is necessary.  To the extent the allegations are contrary to law, they are denied.**

34950629

41.     Defendants violated section 1692e, e(2)(A), and e(10) of the FDCPA by serving Plaintiff with a lawsuit that lists one entity as the plaintiff in the complaint, while the summons for the same case lists another entity, as both entities cannot be the plaintiff, and thus both entities cannot be the creditor to which the debt is owed.

**PCAA denies the allegations in paragraph 41 of the Complaint.**

42.     Plaintiffs bring this lawsuit individually and also on behalf of themselves and all other persons similarly situated under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

**In response to the allegation in paragraph 42 of the Complaint, PCAA admits that Plaintiff purports to bring the Complaint on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, but denies that this matter may be properly maintained against PCAA as a class action.**

43.     This action is brought and may properly be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  This action satisfies numerosity, predominance, typicality, adequacy, and/or superiority requirements of those provisions.  Plaintiffs do not know the exact size of the class, as such information is in Defendants' possession, but Defendants regularly file lawsuits such as the one at issue in this case, where the summons and complaint list two separate, different entities as the plaintiff and creditor to which the alleged debt is owed, when only one entity could properly be named as such.  Numerosity may thus be presumed.

**The allegations in paragraph 43 of the Complaint state conclusions of law, to which no response is necessary.  To the extent the allegations are contrary to law, they are denied.**

44.     Common questions of law and fact exist as to all members of the class and predominate over any questions affecting individual members of the class, including Plaintiff, including but not limited to whether Defendants' practices violated the FDCPA.

**The allegations in paragraph 44 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.**

45.     This class action complaint is brought on behalf of all persons who, according to Defendants' records, meet the following criteria, subject to amendment as appropriate:

> **Each person, that within twelve months prior to the date of the filing of this action, resided in Illinois and was sued by "PCA Acquisitions V, LLC" in an Illinois state court, wherein the summons in the lawsuit lists "PCA Acquisitions" as the plaintiff, but the complaint in the corresponding lawsuit lists "PCA Acquisitions V, LLC" as the plaintiff in the same case.**

**In response to paragraph 45 of the Complaint, PCAA admits that Plaintiff purports to define the class as defined in paragraph 45 of the Complaint. PCAA denies that this mater may be properly maintained against PCAA as a class action. Except as expressly admitted herein, PCAA denies any remaining allegation in paragraph 45 of the Complaint.**

46.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**The allegations in paragraph 46 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.**

47.     Upon information and belief, the Class consists of more than 40 persons from whom Defendants attempted to collect delinquent consumer debts, in the manner asserted herein.

34950629

**PCAA lacks information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and, therefore, denies the same.**

48. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

**The allegations in paragraph 48 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.**

49. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.

**The allegations in paragraph 49 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.**

50. A class action is superior for the fair and efficient prosecution of this litigation. Class-wide liability is essential to cause Defendants to stop the improper conduct. Many class members may be unaware that they have been victims of illegal conduct. Congress contemplated class actions as a means of enforcing the FDCPA.

**The allegations in paragraph 50 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.**

51.     Plaintiff has retained counsel that is experienced in class action litigation brought under the FDCPA.

**PCAA lacks information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint and, therefore, denies the same.**

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendants, on behalf of themselves and a Class, for the following:

a)     Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k for each Plaintiff and Class Member, and actual damages to those class members that suffered the same;

b)     Plaintiff's and the Class' attorney fees and costs; and

c)     Any other relief deemed appropriate by this Honorable Court.

**PCAA denies that Plaintiff is entitled to any relief and/or judgments contained in the WHEREFORE paragraph following paragraph 51 of the Complaint, including subparts (a)-(c).**

<u>**COUNT II—FDCPA—INDIVIDUAL CLAIM—BLITT AND PCA ACQUISITIONS V, LLC**</u>

52.     Plaintiff incorporates by reference the foregoing paragraphs.

**In response to the allegations in paragraph 52 of the Complaint, PCAA incorporates and reasserts the responses contained in the foregoing paragraphs as if fully set forth herein.**

53.     Section 1692e of the FDCPA provides as follows:

§ 1692e.  False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

***

(2) The false representation of—
(A) the character, amount, or legal status of any debt;

14

***

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**The allegations in paragraph 53 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.**

54. Defendants violated § 1692e, e(2), and e(10) of the FDCPA when they falsely represented and communicated that Plaintiff owed a debt to PCA Acquisitions V, LLC and/or PCA Acquisitions, as Plaintiff owes money to neither of these entities.

**The allegations in paragraph 54 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.**

55. Defendants violated § 1692e and e(2) of the FDCPA when they misrepresented the total balance due as well as that that court costs were already due from Plaintiff, and owed by Plaintiff, before such costs were awarded by a court.

**The allegations in paragraph 55 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.**

56. Section 1692f of the FDCPA provides as follows:

**The allegations in paragraph 56 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.**

57. Defendants violated 1692f and f(1) by attempting to collect amounts from Plaintiff that were not authorized by the agreement creating the debt or permitted by law, namely "court costs".

**The allegations in paragraph 57 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.**

58. No agreement exists that authorizes the imposition of court costs from Plaintiff, in connection with the alleged debt.

34950629

**PCAA lacks information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint and, therefore, denies the same.**

59.     Plaintiff suffered statutory and actual damages as the result of Defendants' actions.

**The allegations in paragraph 59 of the Complaint state conclusions of law, to which no response is necessary.  To the extent the allegations are contrary to law, they are denied.**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants, for the following:

a)      Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k for Plaintiff;

b)      Actual damages suffered by Plaintiff;

c)      Plaintiff's attorney fees and costs; and

d)      Any other relief deemed appropriate by this Honorable Court.

**PCAA denies that Plaintiff is entitled to any relief and/or judgments contained in the WHEREFORE paragraph following paragraph 59 of the Complaint, including subparts (a)-(d).**

## DEMAND FOR TRIAL BY JURY

Please take notice that Plaintiffs hereby demand trial by jury in this action.

**In response to unnumbered paragraph under the heading above, PCAA admits Plaintiff seeks a jury trial, but denies he is entitled to one.**

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.  All rights relating to attorney's fees have been assigned to counsel.

**In response to unnumbered paragraph under the heading above, PCAA lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.**

34950629

## AFFIRMATIVE AND OTHER DEFENSES

1.     Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against PCAA and fails to state facts sufficient to entitle Plaintiff to the relief sought.  PCAA incorporates the arguments set forth in its previously filed Motion to Dismiss.

2.     Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, PCAA acted in good faith and complied fully with the FDCPA.

3.     Plaintiff's individual and class claims under the FDCPA fail to the extent that any violation resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

4.     Plaintiff's individual and class claims fail to the extent that the means employed by PCAA to collect the debts at issue were fair and conscionable.

5.     Plaintiff's individual and class claims fail to the extent that Plaintiff's purported damages, which PCAA continues to deny, were the direct and proximate result of the conduct of Plaintiff or others.

6.     Plaintiff's individual and class claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his alleged damages.

7.     Plaintiff's individual and class claims fail to the extent that Plaintiff's and/or the putative class members' purported damages, which PCAA continues to deny, were the result of acts or omissions of third parties over whom PCAA had neither control or responsibility.

8.     Plaintiff cannot recover from PCAA individually or as a class action for statutory damages on the grounds that any award of statutory damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive

34950629

Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim. Stating further, any award of statutory damages would violate the constitutional standards enunciated in cases such as *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

9. Plaintiff cannot recover from PCAA under the Complaint to the extent that he and any putative class member has not alleged or cannot maintain an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

10. The Complaint is barred, in whole or in part, to the extent that Plaintiff and the putative class members lack standing.

11. Plaintiff's individual and class claims are barred to the extent that PCAA has substantially complied with the requirements of the FDCPA and/or the alleged violations are not material.

12. Plaintiff's Complaint fails to the extent that it is barred by the applicable statute of limitations and/or the doctrine of laches.

13. To the extent the Plaintiff's claims are subject to an Arbitration Agreement requiring mandatory and binding arbitration, this Court lacks subject matter jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.

14. This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiff's claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's

34950629

claims and any claims of putative class members; Plaintiff and his counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

15.     PCAA avers that the Complaint fails to adequately define any class of persons who could properly prosecute this action as a class action; fails to allege any claim that can be prosecuted as a class action; otherwise fails to satisfy the requirement of Fed. R. Civ. P. 23; and cannot, therefore, properly proceed as a class action.

16.     PCAA avers that some or all of the claims made in the Complaint are barred because the claims of Plaintiff and/or members of the purported class may be barred, in whole or in part, by the principles of release, waiver, res judicata, collateral estoppel, judicial estoppel, and/or the failure to assert such claims as compulsory counterclaims in prior litigation.

17.     PCAA reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, PCA Acquisitions V, LLC, by counsel, prays as follows:

(1)     that the Court enter judgment in favor of PCAA and against Plaintiff on the claims in the Complaint and deny all relief sought by Plaintiff;

(2)     that the Court award PCAA its costs, including reasonable attorneys' fees, incurred in connection with this action; and

(3)     that the Court award PCAA such other and further relief as this Court deems just and proper.

Dated: April 27, 2018                    **PCA ACQUISITIONS V, LLC**

By:     /s/ *Ethan G. Ostroff*
         Ethan G. Ostroff
         TROUTMAN SANDERS, LLP
         222 Central Park Ave., Suite 2000

19

Virginia Beach, VA 23462
Telephone – (757) 687-7541
Facsimile – (757) 687-7510
Email – ethan.ostroff@troutman.com
*Attorney for Defendant, PCA Acquisitions V,*
*LLC*

34950629

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing *Answer with Affirmative and Other Defenses* was electronically filed with the Clerk using the CM/ECF system, which will send a notice of electronic filing to all registered users of the CM/ECF system.


Dated:  April 27, 2018                                    /s/ *Ethan G. Ostroff*
                                                                   Ethan G. Ostroff

34950629